Allen H. Browning, ISB#3007
BROWNING LAW
482 Constitution Way, Suite 111
Idaho Falls, ID 83402
Telephone: (208) 542-2700
Facsimile: (208) 542-2711

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTONIO ESCOBAR,<br><br>    Plaintiff,<br><br>v.<br><br>BRANDON STORER; and DOES 1 through 10, Inclusive,<br><br>    Defendants. | Case No. _____<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

COMES NOW, the above-named Plaintiff, Antonio Escobar, by and through his attorney, Allen H. Browning, of BROWNING LAW, who complains and alleges against the Defendant BRANDON STORER as follows:

JURISDICTIONAL STATEMENT

This is an action for redress of grievances, as stated in 28 U.S.C.A. § 1343, to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

## NATURE OF THIS ACTION

1. This is an action seeking general and special damages under Idaho tort law and 42 U.S.C. Section 1983, as well as attorney's fees, court costs, and other relief, based upon the Defendant's conduct toward Plaintiff on or about August 6, 2011. Plaintiff will also seek leave of Court to amend his complaint to allege a claim for punitive damages, based upon the outrageous conduct of the Defendant, under color of state law, in depriving the defendants rights, privileges or immunities secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, and for the protection of his civil rights.

## PARTIES

2. At all times relevant hereto the Plaintiff was a resident in the city of Idaho Falls, Idaho in Bonneville County, Idaho.

3. At all times relevant hereto Defendant Brandon Storer was employed with the Idaho Falls Police Department in Bonneville County, Idaho, and acting under color of state law. Plaintiff does not know the true identities of DOES 1 through 10 inclusive, but contends and alleges that each was a police officer acting with Brandon Storer in causing plaintiff's injuries herein.

## FACTS

4. That on or about August 6, 2011, Plaintiff was at Buffalo Wild Wings in Idaho Falls, Idaho. There were multiple people involved in a fight running when the patrol units arrived. Officer Brandon Storer was on the southwest side of the business, when the manager yelled out that one of the Hispanic subjects involved wearing a white shirt was running on the north side of the business.

5. Officer Storer ran to look for the subject of the fight. At that time, Plaintiff, who had not been involved in the fight, was approaching his own pickup truck nearby. Officer Storer approached him with his tazer pointed directly at Plaintiff and told him to stop. Plaintiff complied and was immediately tazed by Officer Storer. At that time, Plaintiff was immediately knocked down to the ground, either by the tazer or by a police officer working in concert with Officer Storer. One police officer had his knee placed on Plaintiff's head, another had his foot on Plaintiff's back, and another kicked Plaintiff in his ribs. With 3 or 4 officers on top of Plaintiff and while they had pinned Plaintiff to the ground, Plaintiff was tazed a second time by one of the officers, apparently Officer Storer.

6. At no time did the Plaintiff resist the officers, and the officers had no cause to arrest Plaintiff or taze him.

7. After battering and twice tazing Plaintiff, Officer Storer retrieved Plaintiff's driver's license and realized he had arrested the wrong man. Instead of releasing Plaintiff, he then falsely charged Plaintiff with resisting and obstructing an officer and had him jailed. Officer Storer is listed on the Idaho Repository as the arresting officer in the case.

8. Plaintiff had to pay a $300 surety bond to be released later that day.

9. Plaintiff had to pay an attorney $500 to defend the "resisting and obstructing" charge against him.

10. The case against Mr. Escobar was dismissed by the Court on May 2, 2012, and the surety bond of $300 was exonerated.

11. As a direct and proximate result of the aforementioned actions of the Defendant, Plaintiff was caused to suffer financial loss, pain, humiliation, and emotional distress.

## FALSE ARREST and FALSE IMPRISONMENT

12. Plaintiff incorporates paragraphs 1-11 as though fully set forth herein.

13. The defendant, by the exercise of force or by an express or implied threat of force, confined, detained and arrested Plaintiff.

14. Defendant acted intentionally in confining, detaining and arresting Plaintiff;

15. Defendant acted unlawfully in confining, detaining and arresting Plaintiff;

16. The confining, detaining and arresting was against the will and without the consent of the plaintiff;

17. The criminal proceedings in this case were terminated in Plaintiff's favor and the case against him dismissed.

18. The false arrest and false imprisonment violated Plaintiff's rights under 42 U.S.C. 1983.

19. As a direct and proximate result of the aforementioned actions of the Defendant, Plaintiff was caused to suffer financial loss, pain, humiliation, and emotional distress.

20. As a direct and proximate result of the aforementioned actions of Defendant Storer, Plaintiff has been required to retain the services of Allen H. Browning, Browning Law, and is entitled to reasonable attorney's fees and costs herein pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988.

## MALICIOUS PROSECUTION

21. Plaintiff incorporates paragraphs 1-20 as though fully set forth herein.

22. There was a criminal prosecution;

23. The criminal prosecution terminated in favor of the Plaintiff;

24. That the Defendant was the prosecutor of the criminal prosecution;

25. The Defendant acted with malice;

26. The Defendant lacked probable cause to believe the Plaintiff was resisting or obstructing his arrest;

27. The malicious prosecution violated Plaintiff's rights under 42 U.S.C. 1983.

28. As a direct and proximate result of the aforementioned actions of the Defendant, Plaintiff was caused to suffer financial loss, pain, humiliation, and emotional distress.

29. As a direct and proximate result of the aforementioned actions of Defendant Storer, Plaintiff has been required to retain the services of Allen H. Browning, BROWNING LAW, and is entitled to reasonable attorney's fees and costs herein pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988.

## EXCESSIVE FORCE

30. Plaintiff incorporates paragraphs 1-29 as though fully set forth herein.

31. The Plaintiff was not armed and did not threaten to use force against Defendant on either occasion when the Defendant tazed him.

32. Defendant had no justification for tazing Plaintiff when he tazed him the first time, and such tazing constituted a use of excessive force against Plaintiff.

33. At the time of the "drive stun," the Plaintiff did not pose an immediate threat as he was unarmed, pinned to the floor, not using force, not threatening to use force, and not attempting to flee.

34. The second tazing of Plaintiff constituted an unreasonable use of force.

35. The use of excessive force violated Plaintiff's rights under 42 U.S.C. 1983.

36. As a direct and proximate result of the aforementioned actions of Defendant Storer, Plaintiff was caused to suffer pain and injuries, humiliation, and emotional distress, the full extent of which will be proved at trial.

37. As a direct and proximate result of the aforementioned actions of Defendant Storer, Plaintiff has been required to retain the services of Allen H. Browning, BROWNING LAW, and is entitled to reasonable attorney's fees and costs herein pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. For general damages in excess of $10,000.00.

2. For other losses, including potential losses of earnings in an amount to be determined at trial.

3. For reasonable attorney's fees and costs as the Court may deem just and proper under 42 U. S. C. 1983 and 42 U.S.C. 1988.

4. For such other and further relief as the Court deems just, equitable, and proper.

**DATED** this_____5_____ day of August, 2013.

Allen H. Browning

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury of twelve persons as to all issues so triable.

**DATED** this _6_ day of August, 2013.

**BROWNING LAW**

_____
Allen H. Browning